IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAWRENCE KENNETH ALLEN,         *

Plaintiff         *

v.         *         Civil Action No. RWT-09-1842

FRANCESCA E. DEILAMEA, *et al.*,         *

Defendants.         *

*** 

## MEMORANDUM OPINION

Pending is Defendants' Motion to Dismiss or for Summary Judgment.[1] Paper No. 12. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. See Local Rule 105.6 (D. Md. 2009).

### Background

Plaintiff alleges he went eight days without receiving injections of the medication Copaxone for treatment of his multiple sclerosis ("MS"). Paper No. 1 at p. 8. He states that on June 22, 2009, he was told he did not receive his medication because Nurse Deilamea "doesn't like niggers" and resented the fact that Plaintiff was receiving an expensive drug for treatment of his condition when her aunt who has MS cannot afford the same. Plaintiff claims Deilamea asked him if he suffered and when he said he had, she replied, "good." Plaintiff claims that Deilamea's supervisors did nothing about the deprivation of his medication, but changed the time he receives medication from the 4 to 12 shift to the 12 to 8 shift. Id. He seeks damages of $250,000, alleging he suffered violent seizures and muscle spasms as a result of being denied

---

[1] Plaintiff was provided notice of his right to oppose the motion and of the consequences of failing to do so, but did not properly oppose the motion. See Paper Nos. 13 and 15. In correspondence to the court, Plaintiff restates his position that Deilamea is a racist and that this court permits Defendants to get away with treating prisoners badly because prisoners do not have money. See Paper No. 14. Neither the correspondence nor the complaint were made under oath.

Copaxone. Id.

Defendants assert that Plaintiff's medication is a non-formulary drug which must be special ordered through an offsite pharmacy contractor with the Department of Public Safety and Correctional Services. Paper No. 12 at Ex. B, p. 4. Plaintiff did not receive the Copaxone injection on June 14, 2009, or from June 17 through June 21. Id. The supply of medication ran out on June 16, 2009, and, according to the affidavit of Dr. Getachew, medical staff placed an order for more of the solution on that date. Id. Medical records submitted by Defendants do not include a copy of the June 16 order requesting more Copaxone, but include an order dated June 18, 2009, which is characterized as the second reorder submitted. Id. at Ex. C, pp. 8-10. The Copaxone did not arrive until June 22, 2009. Defendants do not state that the pharmacy was called in advance of the written reorders, as advised on the form if the medication needs to be started "ASAP." Id. at p. 9. Deilamea denies ever making the racist statement attributed to her and denies that she has a relative with MS. Id.

**Standard of Review**

Summary Judgment is governed by Fed. R. Civ. P. 56(c) which provides that:

> [Summary judgment] should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

2

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc., 840 F.2d 236, 240 (4th Cir. 1988).

**Analysis**

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. Gregg v. Georgia, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." De'Lonta v. Angelone, 330 F. 3d 630, 633 (4th Cir. 2003) (citing Wilson v. Seiter, 501 U.S. 294, 297 (1991)). In order to state an Eighth Amendment claim for denial of medical care, Plaintiff must demonstrate that the actions of the

defendants or their failure to act amounted to deliberate indifference to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). Objectively, the medical condition at issue must be serious. See Hudson v. McMillian, 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. See Farmer, 511 U.S. at 839–40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." Rich v. Bruce, 129 F. 3d 336, 340 n.2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" Brice v. Va. Beach Corr. Ctr., 58 F. 3d 101, 105 (4th Cir. 1995) (quoting Farmer, 511 U.S. at 844). If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted. Farmer, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. See Brown v. Harris, 240 F. 3d 383, 390 (4th Cir. 2000) (citing Liebe v. Norton, 157 F. 3d 574, 577 (8th Cir. 1998) (stating that focus must be on precautions actually taken in light of suicide risk, not those that could have been taken)).

4

Without doubt MS is a serious medical condition that causes debilitating pain. The medication prescribed to Plaintiff, Copaxone, was prescribed as a daily injection. The undisputed facts are that he missed six doses because the medication was not delivered in a timely fashion. Defendants admit that the re-order for the Copaxone was not sent until it was discovered that there was none left. There is no evidence that the re-order was phoned in to the pharmacy supplier as a priority. Although the failure to insure the Copaxone was available for daily use may be evidence of negligence or incompetence, there is no evidence to support Plaintiff's allegation that the deprivation was intentional or deliberate. Negligence is not enough to support an Eighth Amendment claim.[2]

Having concluded that a constitutional claim is not supported, the court, by separate Order, will grant Defendants' Motion to Dismiss or for Summary Judgment.


Date:  June 1, 2010                             /s/                        
                                        ROGER W. TITUS
                                        UNITED STATES DISTRICT JUDGE

---

[2] The court notes that if instances of this sort reoccur on a regular basis, causing Plaintiff harm, it may be enough evidence to establish deliberate indifference to his serious medical need.